

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**W. KEAUPUNI AKINA**
*Senior Counsel*
phone: (212) 356-2377
fax:(212) 356-3509
email: wakina@law.nyc.gov

April 16, 2020

**BY ECF**
Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Time to answer or move adjourned to August 3, 2020.
Conference adjourned from May 22 to September 9, 2020 at 11:30 a.m.
SO ORDERED.
Dated: 4/17/2020

P. Kevin Castel
United States District Judge

Re: Andres Guillermo, et al. v. Port Authority of NY and NJ, et al.,
20-CV-452 (PKC)

Your Honor:

I am a Senior Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney representing the City of New York, NYC Taxi and Limousine Commission, and TLC Officer Larron Griffin ("City Defendants") in the above-referenced case. The City Defendants write to respectfully request a stay of this matter for 90 days in light of the present public health crisis. In addition, City Defendants respectfully request that the time to respond to the Complaint be extended from May 4, 2020 to August 3, 2020, and per Your Honor's Individual Rules that the upcoming May 22, 2020 initial pre-trial conference accordingly be adjourned to two weeks after an Answer would be due (August 17, 2020) or some later date convenient to the Court. The attorneys for plaintiff and co-defendant Port Authority of NY and NJ ("PANYNJ") both consent to this request for a stay.

By way of background, on January 31, 2020, the City Defendants moved for, *inter alia*, an enlargement of time to respond to the complaint until March 31, 2020, noting that they needed to obtain NY CPL § 160.50 and HIPAA complaint releases from plaintiffs. (Dkt. No. 10.) On February 5, 2020, the Court granted the City defendants' motion. (Dkt. No. 13.) On February 18, 2020, after not having received the relevant executed releases from plaintiffs, City Defendants moved to compel plaintiffs to provide the NY CPL 160.50 and any relevant HIPAA compliant releases. (Dkt. No. 14.) As part of their motion to compel, the City Defendants again argued that these releases are necessary for access to relevant police, criminal court and District Attorney's Office documents— documents which are helpful in being able to informatively respond to the Complaint. Accordingly, in their motion, City defendants requested an extension of time to allow for plaintiffs to produce the releases and for City defendants to thereafter attempt to obtain the relevant documents before responding to the Complaint. (Id.) Thereafter, on March 3, 2020, the Court granted the motion to compel and extended defendants' time to respond to the complaint to May 4, 2020. (Dkt. No. 15.) On March 10, 2020, plaintiffs provided

the relevant releases to the City Defendants. Later that same day, this Office submitted requests to the relevant agencies for documents pertaining to plaintiff Guillermo's arrest and criminal prosecution underlying the instant lawsuit. Since then, and in light of COVID-19, the City Defendants have been unable to obtain the previously requested documents from the Criminal Court or the District Attorney's Office. As explained below, the City Defendants respectfully request a stay, and corresponding adjournments of the answer deadline and initial conference, in light of this unforeseeable change in circumstances.

As the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well.  That same day, the United States District Court for the Southern District of New York ("Southern District") issued Standing Order 20 MISC 138, which encouraged individual judges to conduct court proceedings by phone and video conferencing where practicable.  Also on March 13, 2020, the Southern District issued Standing Order 20 MISC 015, which suspended and tolled service of process requirements and deadlines.  On March 16, 2020, the Southern District issued a Revised Standing Order further limiting access to courthouses. Since then, the Southern District has issued several additional Standing Orders further limiting court activities, and has recently suspended jury trials through June 1, 2020.

On March 20, 2020, President Trump approved a Major Disaster Declaration for New York. On March 22, 2020, Gov. Cuomo issued further Orders mandating the closure of non-essential business, restricting the movement of persons and attempting to impose, to the greatest extent possible, work-from-home on all employers ("NY Pause"). On April 16, 2020, Gov. Cuomo further extended NY Pause until May 15, 2020. Government leaders and public health officials around the country and world have warned of the dire and worsening public health crisis in which New York City is now embroiled, and have urged social-distancing as the only effective tool to address it.

In light of pronouncements from government officials, public health experts, and judges, the New York City Law Department are requiring that the vast majority of its employees work from home to ensure compliance with public policy directives, and to protect individuals from further community spread of the virus.

Working from home creates a number of challenges that directly impact litigation. First, the agencies that defendants must regularly communicate and coordinate with, e.g., the district attorney's office and criminal courts, are also facing communication and access challenges as they pursue compliance with Governor Cuomo's executive order and seek to protect the health and safety of the individuals in their organizations and the public at large. These challenges have already made the fulfillment of document and information requests delayed, impracticable, and in most cases, impossible. Such delays and problems are expected to continue until individuals are allowed to return to their offices.

Second, as the case proceeds, scheduling depositions will present its own set of challenges. The logistical challenges of arranging for remote depositions are always significant, and are further exacerbated by the added difficulty of having multiple parties join remotely from

multiple locations, as well as the added difficulty of managing parties' different technological capabilities.

In light of the foregoing, City Defendants respectfully request a stay of this matter for 90 days in light of the present public health crisis. In addition, City Defendants respectfully request that the time to respond to the Complaint be extended from May 4, 2020 to August 3, 2020, and per Your Honor's Individual Rules that the upcoming May 22, 2020 initial pre-trial conference be adjourned to August 17, 2020 or some later date convenient to the Court.

The City Defendants thank the Court for its consideration of this matter.

Respectfully Submitted,

/s/ *W. KeAupuni Akina*

W. KeAupuni Akina
*Senior Counsel*

cc:   All counsel of record (by ECF)