UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ANDRES GUILLERMO, et al,

                        Plaintiffs,                                    20-cv-452 (PKC)

      -against-                                                   ORDER

PORT AUTHORITY OF NY and NJ, et al.,

                        Defendants.
-----------------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendants have asserted the law enforcement privilege as to a one-page document setting out a Tactical Plan for detecting, arresting and escorting from the terminal persons engaged in the unlawful solicitation of passengers at an airport terminal by an unlicensed taxi driver. The Court has reviewed the document and finds the defendants' description in their publicly-filed letter is accurate:

> . . . Tactical Plan sets out how TLC officers logistically prepare for and execute solicitation operations. Moreover, the Tactical Plan is confidential and not publicly available. TLC solicitation operations, in general, involve the deployment of one or more plain clothes officers acting as "decoys" at an airport terminal, sometimes posing as civilians. The decoy officers attempt to surreptitiously observe and identify unlicensed taxi drivers who are illegally soliciting passengers at the terminal. Similar to a narcotics "buy and bust" operation, after illegal activity has been identified, the decoy notifies additional officers to effect an arrest. The Tactical Plan at issue details procedures officers should take in preparing for a solicitation operation, including the number of officers typically involved, examples of how plain clothes officers may pose as civilians, and actions that officers will or will not take in response to resisting suspects.

(Ltr.of Feb 16, 2021, Doc 50.)

The Court concludes that defendants have demonstrated that the disclosure of the document would seriously impair the conduct of future investigations. <u>Dinler v. City of N.Y.</u>, 607 F.3d 923, 944 (2d Cir. 2010). It reveals law enforcement techniques and procedures that, if known, would hamper and impede future undercover operations. Further, based upon plaintiff's recitation of the facts on which his claim is based. (Ltr of Feb. 11, 2021; Doc 49), the information in the document is neither important to plaintiff's case nor is there a compelling need for the information. <u>Id</u>. The need is at most attenuated. Plaintiff has not overcome the strong presumption against lifting the law enforcement privilege.

Plaintiff's letter motion (Doc 49) is DENIED.

SO ORDERED.

_P. Kevin Castel_
United States District Judge

Dated: New York, New York
February 17, 2021